UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: DOUBLESHOT HOLDINGS, LLC,   Case No. 8:-25-bk-04915-

Chapter 11
Subchapter V

Debtor.

_____ /

## DEBTOR'S EXPEDITED MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL

DOUBLESHOT HOLDINGS (the "Debtor") by and through its undersigned attorney, as debtor and debtor-in-possession, by and through its undersigned attorney, hereby files its Expedited Motion for an Order Authorizing the Use of Cash Collateral (the "Motion") and in support of this Motion the Debtor states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 361 and 363 of the Bankruptcy Code.

### Background

4. On July 18, 2025 (the "Petition Date") the Debtor filed its Voluntary Petition for Relief

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this case and no official committee has yet been appointed pursuant to §1102 of the Bankruptcy Code.

7. The Debtor is the owner and operator of an event rental company.

**Relief Requested and Grounds for Relief**

8. Prior to filing the petition, Debtor obtained a loan with Servis First Bank on a secured basis which gave creditors a security interest on the Debtor's accounts receivable.

9. The Debtor intends to file a plan of reorganization to restructure its debts and to emerge as a healthier, more profitable company.  In order to achieve these goals, it is imperative that the Debtor maintain its cash flow and be able to pay normal business expenses using that cash flow.

10. The Debtor's projected budget is attached as Exhibit 1.

11. Debtor's obligations to Servis First Bank are current and the lender has also retained from the Debtor's pre-petition account an amount equal to three (3) months of payments, and Debtor is willing to made adequate protection payments during the pendency of these proceedings.

12. The relief sought is in the nature of a "First Day Motion" which is generally recognized as a necessity in Chapter 11 cases, and Debtor seeks a hearing on an expedited basis within the next ten (10) days of filing.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting this Motion *nunc pro tunc* to the Petition Date, and authorizing the Debtor to utilize its cash

collateral, and for such other and further relief as is just.

DATED on this 21st day of July, 2025.

Respectfully submitted,

/s/ *Samantha L. Dammer*_____
Samantha L. Dammer
Florida Bar No.: 0036953
Bleakley Bavol Denman & Grace
15316 N. Florida Avenue
Tampa, FL 33613
Ph: (813) 221-3759
SDammer@bbdglaw.com

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served on this 21st day of July, 2025, on all parties receiving ECF e-service, and by U.S. Mail postage prepaid to:

Servis First Bank
247 S. Tamiana Trail
Suite 100
Venice, FL  34285

/s/ *Samantha L. Dammer*_____
Samantha L. Dammer
Florida Bar No.: 0036953
Bleakley Bavol Denman & Grace
15316 N. Florida Avenue
Tampa, FL 33613
Ph: (813) 221-3759
SDammer@bbdglaw.com